IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

KAREN ANN TESSMER,

    Plaintiff,

vs.                            CIVIL ACTION NO.: CV512-062

SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge John R. Mason ("the ALJ") denying her claim for period of disability and disability insurance benefits. Plaintiff urges the Court to reverse and remand the ALJ's decision for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff filed an application for period of disability and disability insurance benefits on April 21, 2009, alleging she became disabled on January 31, 2001.[1] (Tr. at 106, 130). Plaintiff alleged she became disabled due to diabetic complications and ketoacidosis. (Tr. at 134). After her claim was denied initially and upon reconsideration, Plaintiff filed a request for a hearing. (Tr. at 11). On November 10, 2010, the ALJ conducted a video hearing at which Plaintiff, who was represented by counsel, appeared and testified. (Tr. at 11, 23–24). The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. at 22). The Appeals

---

[1] Plaintiff later amended her alleged onset date to August 1, 2005. (Tr. at 126). However, the ALJ considered her allegations of disability from her original onset date of January 31, 2001. (Tr. at 11, 13, 17).

Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 1–7).

Plaintiff, born on March 3, 1960, was fifty (50) years old when the ALJ issued his final decision. She has a GED. (Tr. at 139). Plaintiff has past relevant work experience as a factory worker, warehouse worker, and housekeeper. (Tr. at 16).

## ALJ'S FINDINGS

Pursuant to the Social Security Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the

AO 72A
(Rev. 8/82)

claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset of disability, January 31, 2001, through her date last insured, December 31, 2005. (Tr. at 13). At step two, the ALJ determined that, through her date last insured, Plaintiff had the following conditions considered "severe" under the Regulations: diabetes mellitus and neuropathy. (Id.). However, at step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. (Id.). The ALJ found that Plaintiff, through her date last insured, had the residual functional capacity to perform work at the sedentary exertional level, with no limitations. (Id.). At the fourth step, the ALJ determined that Plaintiff's impairments precluded her from performing her past relevant work as a factory worker, warehouse worker, and housekeeper. (Tr. at 16). However, at the fifth and final step, the ALJ determined that, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she could have performed as of her date last insured. (Id.).

AO 72A
(Rev. 8/82)

3

## ISSUE PRESENTED

Plaintiff frames one issue for the Court: whether there was substantial evidence to support the determination to deny Plaintiff benefits.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838–39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff argues that there is not substantial evidence to support the determination to deny her benefits. The ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she could have performed as of her date last insured. (Tr. at 16). The ALJ came to that conclusion by using the Medical-Vocational Guidelines. (Tr. at 16–17). An ALJ may rely on the Medical-Vocational Guidelines, and testimony from a vocational expert is not required, if a claimant can perform the full range of work at a particular exertional level given her exertional limitations and her non-exertional limitations do not prevent the performance of a wide range of work at the particular exertional level. Phillips v. Barnhart, 357 F.3d 1232, 1242–43 (11th Cir. 2004). Because the ALJ determined that Plaintiff had the residual functional capacity to perform the full range of sedentary work with no limitations, (Tr. at 13), his reliance on the Medical-Vocational Guidelines was appropriate.

The ALJ's conclusion that Plaintiff, through her date last insured, had the residual functional capacity to perform work at the sedentary exertional level, with no limitations is supported by substantial evidence. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). The ALJ recognized

AO 72A
(Rev. 8/82)

Plaintiff's testimony that she cannot walk because she loses balance, that she experiences cramps in her legs, and that she says in bed and found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. (Tr. at 14). However, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's] residual functional capacity assessment." (Id.). In support of that decision, the ALJ cited numerous medical records and Plaintiff's activities of daily living. Specifically, the ALJ noted a continued history of Plaintiff's non-compliance with her diabetes medicine and resolution of her symptoms after receiving medication as well as a lack of indication of disabling impairments in the medical records. (Tr. at 15) (citing Tr. Exhibits 2F, 3F, and 4F). The ALJ's decision is supported by substantial evidence, and Plaintiff failed to meet her burden of proving she was disabled on or before her date last insured. See Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (stating that a social security claimant must prove that she is disabled, and, for disability insurance benefit claims, the claimant must prove that she was disabled on or before the last date for which she was insured).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)